UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61420-RAR

CHABAD LUBAVITCH OF
PEMBROKE PINES, INC., d/b/a
CHABAD OF PEMBROKE PINES, *et al.*,

    Plaintiffs,

v.

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Remand [ECF No. 7] ("Motion"). Having considered the Motion, Defendant's Response in Opposition [ECF No. 15], Plaintiffs' Reply in Support [ECF No. 16], and the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 7] is **DENIED** for the reasons set forth below.

## BACKGROUND

This action arises from a property insurance contract between the parties. On September 10, 2017, the covered property suffered substantial physical damage during Hurricane Irma. Am. Compl. [ECF No. 1-1] at 2. When Plaintiffs filed a claim with Defendant to collect proceeds for the damages, Defendant refused to provide coverage. *Id.* Prior to these proceedings, the parties exchanged correspondence discussing a settlement demand of $79,056.50, but no settlement was reached. Mot. at 1–2. Plaintiffs commenced this action asserting a breach of contract claim in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on February

1, 2021, and served Defendant with process on February 4, 2021.  Notice of Removal [ECF No. 1] at 2.  The Complaint does not plead a specific amount in damages but states only that the damages exceed $30,000—the jurisdictional minimum for the state court where it was filed.  Am. Compl. at 1.

On June 11, 2021, Plaintiffs sent Defendant a written settlement demand in the amount of $90,000.  Notice of Removal at 3.  On July 9, 2021, Defendant filed a Notice of Removal to federal court, asserting subject matter jurisdiction based on Plaintiffs' admissions.  *See generally* Notice of Removal.  Plaintiffs are citizens of Florida, and Defendant is a Delaware corporation with its principal place of business in California.  Notice of Removal at 5–7.

## **LEGAL STANDARD**

A defendant may remove a case from state court to federal court if the case originally could have been brought in federal court.  28 U.S.C. § 1441.  Such cases include actions where the federal court has diversity jurisdiction under 28 U.S.C. section 1332, which requires complete diversity of citizenship between the plaintiffs and defendant and an amount in controversy exceeding $75,000.

As to the timeliness of removal, Congress has established a bifurcated removal regime whereby a state court defendant may remove a case to federal court at one—and, critical to this case, only one—of two procedurally distinct moments in time.  If the initial pleading is removable on its face, 28 U.S.C. section 1446(b)(1) requires removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based."  Otherwise, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).

District courts in this Circuit construe the 30-day removal period prescribed by section 1446(b) to commence as soon as a defendant can ascertain intelligently that the action is removable. *Imperial Fund, I, LLC v. Orukotan*, No. 21-60162, 2021 WL 752577, at *2 (S.D. Fla. Feb. 25, 2021).

On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Because removal jurisdiction raises significant federalism concerns, this Circuit directs district courts to construe removal statutes strictly. Indeed, district courts should resolve all doubts regarding jurisdiction in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## **ANALYSIS**

As a threshold matter, this case satisfies the section 1332 requirements for federal subject matter jurisdiction. The parties do not dispute that there is complete diversity and that the amount in controversy exceeds $75,000. Hence, the Court's analysis hinges on the timeliness of Defendant's otherwise proper removal.

Under section 1446(b)(1), Defendant had 30 days after receiving a copy of the initial pleading on February 4, 2021, to file its Notice of Removal—but only if the pleading was removable on its face. Neither Plaintiffs' initial pleading nor their Amended Complaint, dated March 11, 2021, states that the amount in controversy exceeds $75,000. *See generally* Compl. [ECF No. 7-2]; Am. Compl. Plaintiffs implicitly acknowledge this omission, arguing instead that because they and Defendant had exchanged pre-suit correspondence discussing a settlement demand of $79,056.50, Defendant was aware that the amount in controversy exceeded $75,000 and thus waived its right of removal. Mot. at 1–2.

The facts of this case are virtually identical to those of two recent cases in which this Court expressly adopted the bright-line rule that pre-suit documents are not "other paper" under section 1446(b)(3).[1]  *Goldrich v. Nat'l Specialty Ins. Co.*, No. 21-61988, 2021 WL 5071625 (S.D. Fla. Nov. 1, 2021); *Hart v. Nat'l Specialty Ins. Co.*, No. 21-60641, 2021 WL 3781746 (S.D. Fla. Aug. 26, 2021).  As in those cases, Plaintiffs essentially contend that their initial pleading triggered section 1446(b)(1), but only because the pre-suit correspondence constituted "other paper" that triggered section 1446(b)(3).

The Court will not permit such a reading—or rewriting—of the statute.  Though "other paper" is broadly defined and may include any formal or informal communication received by a defendant, as a matter of statutory construction, documents a defendant receives *prior to the commencement of a suit* are not "other paper" under section 1446(b)(3) because there is no case in which to trigger a limitation on removal.  *See Firtell v. USAA Cas. Ins. Co.*, No. 19-60945, 2019 WL 7708460, at *2 (S.D. Fla. Aug. 12, 2019).  Documents are "other paper" under section 1446(b)(3) only if the defendant receives them *after* receiving the initial pleading.  *Lambertson v.*

---

[1] The Court acknowledges a lopsided split of authority as to whether the general rule that pre-suit documents do not trigger the 30-day limitation for removal can be overcome by evidence that defendants were on notice sufficient to anticipate the amount in controversy.  *See, e.g.*, *Garden Terrace Apts. No. 9 Ass'n, Inc. v. W. Heritage Ins. Co.*, No. 15-62174, 2016 WL 8488924, at *2 (S.D. Fla. Feb. 12, 2016) (holding that while "pre-suit documents are typically not considered 'other paper' for purposes of triggering the removal statute's thirty-day period," the court would not "permit a defendant to keep its head in the proverbial sand regarding the amount in controversy when a complaint can be fairly interpreted to allege damages in excess of the jurisdictional amount, even when no damages amount is specifically pled."). Although the Eleventh Circuit has not expressly weighed in on this issue, the Court aligns with the vast majority of courts in applying the bright-line rule that sections 1446(b)(1) and 1446(b)(3) trigger distinct 30-day removal timelines and are not to be merged arbitrarily.  *E.g.*, *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 283–84 (6th Cir. 2016); *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 74–75 (1st Cir. 2014); *Cutrone v. Mortg. Elec. Reg. Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013); *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 399 (5th Cir. 2013); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139, 1141 (9th Cir. 2013); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993) (overruled on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

*Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013); *see also Sullivan v. National General Insurance Online, Inc.*, No. 17-1387, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) ("[A] court—to decide the triggering of the 30-day removal period—may look only at the pleading or any post-litigation 'other paper,' 28 U.S.C. § 1446(b)(3), from the plaintiff.").

In addition to being compatible with a plain reading of the statute, this rule avoids the uncertainty, judicial inefficiency, and increased litigation expenses that would result from requiring courts to peer into what a defendant subjectively knew before the case even started. *Lambertson*, 918 F. Supp. at 1286. The Court has no interest in imputing knowledge of pre-suit documents to defendants or forcing them to cut through the puffing and posturing of pre-suit settlement negotiations to speculate as to the actual amount in controversy. The parties' pre-suit correspondence concerning the amount in controversy is therefore immaterial to the removability of this—or any—case.

## CONCLUSION

The Court finds that neither Plaintiffs' initial pleading nor their pre-suit correspondence establishes federal subject matter jurisdiction. The document triggering Defendant's 30 days to file a notice of removal was Plaintiffs' written settlement demand, and Defendant properly removed during this period. The Court therefore rejects Plaintiffs' claims that Defendant's removal was untimely. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 7] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**